IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN ADILI,<br><br>   **Plaintiff,**<br><br>v.<br><br>MASON DIXON INTERMODAL, INC. d/b/a UNIVERSAL INTERMODAL, INC. *et al.*,<br><br>   **Defendants.** | CIVIL ACTION FILE NO.<br><br>1:19-CV-01920-SCJ |

## ORDER

This matter appears before the Court on the Motion to Dismiss for Failure a Claim upon which relief can be granted filed by Defendants Mason Dixon Intermodal d/b/a Universal Intermodal, Inc. ("Universal") and Timothy Phillips ("Phillips"). Doc. No. [32]. As these Defendants have already filed an answer in this case (Doc. No. [33]), the pending motion is being considered by the Court as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted invokes the same legal analysis as a Rule 12(b)(6) motion to dismiss. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("Whether the court examined . . . [count of the complaint] under Rule 12(b)(6) or Rule 12(c), the question was the same: whether the count stated a claim for relief."). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). In reviewing a motion for judgment on the pleadings, the court accepts "all facts alleged in the complaint as true and construe[s] the allegations in the light most favorable to the plaintiff." Hart v. Hodges, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009). However, a court is not required to accept as true, legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A review of the Complaint as amended shows that Plaintiff brings a complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (FLSA) for

2

recovery of overtime wages. Doc. No. [32]. The named defendants are alleged to be Plaintiff's employers. Id.

In their motion to dismiss, Defendants Universal and Phillips assert that Plaintiff has failed to plead sufficient facts to establish that she had more than one employer. Doc. No. [32-1], pp. 2, 12. Said defendants also assert that Plaintiff's amended complaint fails to specify which obligations under the FLSA that they are alleged to have violated. Id.

In response, Plaintiff asserts that Defendants have prefaced their motion on inapposite authority and ignored the relaxed pleading standards that the Eleventh Circuit has held applicable to FLSA claims. Doc. No. [37].

After review, the Court agrees.

There is a line of authority in which the Eleventh Circuit has held that "[u]nlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); see also Wooldridge v. Gateway Transp. of Ga., Inc., No. 4:19-CV-0053-HLM-WEJ, 2019 WL 2610904, at *4 (N.D. Ga. June 24, 2019), *report and recommendation adopted*, No. 4:19-CV-0053-HLM-WEJ, 2019 WL

5549274 (N.D. Ga. July 12, 2019) ("Contrary to [defendant's] arguments, 'detailed pleading is not the norm in the context of an FLSA claim.'").

"The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." Labbe, 319 F. App'x at 763 (citations omitted). In addition, to establish a *prima facie* FLSA case, an employee must demonstrate (1) an employment relationship, (2) that the employer is an enterprise engaged in interstate commerce, and (3) that the plaintiff actually worked in excess of a forty-hour work week, and (4) the employer did not pay any overtime wages to plaintiff. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)).

In the reviewing Plaintiff's Complaint under this line of authority, the Court finds that Plaintiff has alleged an employment relationship between her and Universal and Phillips, as Plaintiff alleges that Defendants employed her from May 21, 2018 through at least December 6, 2018 and further alleges that Defendant Philips owned and operated Universal, managed Universal on a day-to-day basis, hired and fire employees of Universal and controlled the finances of Universal. Doc. No. [31], ¶¶ 16–21, 26–27, 37, and 39; see Fresh v. Diamond

4

Dev. & Invs. Inc., No. 1:13-CV-2657-WSD, 2016 WL 2745836, at *6 (N.D. Ga. May 11, 2016) (finding similar allegations to have adequately alleged that plaintiff was employed by defendant); see also 29 U.S.C. § 203(d) (providing that an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee"). The Court further finds that the Complaint adequately alleges that Defendants were an enterprise covered by the FLSA (as defined by 29 U.S.C. § 203(r) and (s), which pertains to an enterprise engaged in commerce); and that Defendants did not pay any overtime wages to Plaintiff. As to the remaining above-stated factor, Plaintiff adequately alleges that she actually worked in excess of a forty-hour work week.

On the whole, the Court finds that the language of the Complaint alleges enough facts to state a claim for relief that is plausible on its face and thus is sufficiently pled. In accordance with the holding of Labbe, once a Plaintiff has made factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under the FLSA, even where the allegations are not "overly detailed," the Court is permitted to find that a claim under the FLSA "does not require more." 319 F. App. at 764.

## CONCLUSION

After review, the Motion to Dismiss for Failure a Claim (Doc. No. [32]), construed as a Motion for Judgment on the pleadings, filed by Defendants Mason Dixon Intermodal d/b/a Universal Intermodal, Inc. and Timothy Phillips is **DENIED**. Pursuant to the Court's November 8, 2019 order, the discovery stay is **LIFTED** and discovery shall conclude within **THIRTY DAYS** of the entry of this Order. Pursuant to Local Rules 16.4(A) and 56.1(D), any motions for summary judgment or the proposed consolidated pretrial order must be filed not later than **THIRTY (30) DAYS** after the close of discovery. If a motion for summary judgment is filed, the proposed consolidated pretrial order must be filed within **THIRTY (30) DAYS** after this Court's ruling thereon. If neither motion(s) for summary judgment nor the proposed pretrial order are timely filed, the Clerk is directed to submit this matter for the Court for consideration.

**IT IS SO ORDERED** this 11th day of May, 2020.

<span style="margin-left: 50%">s/Steve C. Jones<br>
**HONORABLE STEVE C. JONES**<br>
**UNITED STATES DISTRICT JUDGE**</span>